UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEA SHEPHERD LEGAL,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE INTERIOR,<br>an agency of the United States,<br><br>Defendant. | NO. 2:18-cv-1387<br><br>PLAINTIFF SEA SHEPHERD LEGAL'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (FREEDOM OF INFORMATION ACT) |

## **INTRODUCTION**

1. This action is brought to remedy violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. Specifically, it challenges the failure of the Department of the Interior ("Federal Defendant") to provide a legally sufficient determination within the time required by FOIA in regard to Plaintiff Sea Shepherd Legal's ("Plaintiff") July 26, 2018 request for information and a waiver of fees ("Request"), as well as Federal Defendant's failure to disclose promptly those records responsive to the Request.

2. In the Request, Plaintiff asked for documents in Federal Defendant's possession regarding Federal Defendant's review of the Pacific Remote Islands Marine National Monument, the Rose Atoll Marine National Monument, the Marianas Trench Marine National Monument, and the

COMPLAINT - 1 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

DOI FOIA Complaint (FINAL).doc/092018 1612/7754-0417

Papahānaumokuākea Marine National Monument (collectively, the "Pacific Marine National Monuments") pursuant to Executive Orders 13792 and 13795. Specifically, Plaintiff requested all records relating to Federal Defendant's consultation and/or review, whether completed or ongoing, regarding the Pacific Marine National Monuments pursuant to Executive Order 13792; and all records relating to Federal Defendant's consultation and/or review, whether completed or ongoing, regarding the Pacific Marine National Monuments pursuant to Executive Order 13795. *See* Exhibit A.

3. As of the date of this Complaint, Federal Defendant has not made an adequate determination regarding the release of documents, nor has Federal Defendant provided a timeline or other plan for compliance with the requirements of FOIA to indicate when or whether the Request will be satisfied.

4. In addition, as of the date of this Complaint, Federal Defendant has not made a determination on Plaintiff's request for a waiver of fees.

5. As explained below, Plaintiff has received two written communications from Federal Defendant, both of which fail to satisfy FOIA's requirements.

6. The first written communication from Federal Defendant serves merely to confirm receipt, while also amounting to an improper invocation of the extension for "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i) and 43 C.F.R. § 2.19. *See* Exhibit B.

7. The second written communication from Federal Defendant purports to be a "partial[] response" to Plaintiff's Request. *See* Exhibit C. However, it is actually a boilerplate response produced in connection with *other* FOIA requests from separate individuals. It is not responsive to Plaintiff's request in any way. *See id.*

8. Federal Defendant is unlawfully withholding a determination on Plaintiff's Request, including its request for a waiver of fees, and is further violating FOIA by failing to disclose promptly any responsive records. By failing to make a timely and adequate determination, and by

COMPLAINT - 2 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

DOI FOIA Complaint (FINAL).doc/092018 1612/7754-0417

failing to disclose responsive records in a prompt fashion, Federal Defendant failed to comply with the statutory mandates and deadlines imposed by FOIA.

9. Accordingly, Plaintiff seeks declaratory relief establishing that Federal Defendant has violated FOIA. Plaintiff also seeks injunctive relief directing Federal Defendant to make a determination on the Request, provide a timeline for the release of responsive, non-exempt documents, and promptly provide the requested material free of cost.

10. Plaintiff brings this lawsuit to obtain a determination on the Request and, ultimately, timely disclosure of critical information related to Federal Defendant's involvement in consultation and review of the Pacific Marine National Monuments pursuant to two Executive Orders. Given the significant potential impact of this consultation and review on the status of the Pacific Marine National Monuments—including a possible attempt to eliminate, reduce, or alter one or more of the Pacific Marine National Monuments—and the strong public interest in disclosure of information that may directly assist Plaintiff's ongoing efforts to protect the Pacific Marine National Monuments, Plaintiff seeks expeditious treatment of its Complaint pursuant to 28 U.S.C. § 1657.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question). This Court may grant declaratory relief under 28 U.S.C. § 2201 *et seq.* (Declaratory Judgment Act) and injunctive relief under 5 U.S.C. § 552(a)(4)(B) (FOIA). An actual, justiciable controversy exists within the meaning of the Declaratory Judgment Act between Plaintiff and Federal Defendant. The Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

12. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district as the district in which Plaintiff resides. Plaintiff maintains a

COMPLAINT - 3 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

DOI FOIA Complaint (FINAL).doc/092018 1612/7754-0417

principal office in the Western District of Washington. Venue is also proper under 28 U.S.C. § 1391(b) because Federal Defendant is subject to personal jurisdiction in this federal district.

## PARTIES

13. Plaintiff is a nonprofit public interest law organization dedicated to its mission to end the destruction of habitat and slaughter of wildlife in the world's oceans in order to conserve and protect ecosystems and species. In furtherance of that mission, Plaintiff has been involved in protecting marine life and habitat throughout the world. Plaintiff uses public outreach, education, and litigation to advocate for greater protection of marine wildlife and habitats.

14. Plaintiff's interests are harmed by Federal Defendant's failure to make a determination upon the Request (including its request for a waiver of fees), or otherwise to release the requested documents, which prevents Plaintiff from obtaining, analyzing, disseminating and using the requested information to advance Plaintiff's mission of ensuring the protection of marine wildlife and habitat in general and the Pacific Marine National Monuments in particular.

15. Federal Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1). Federal Defendant is responsible for fulfilling Plaintiff's Request and complying with all federal laws.

## STATUTORY BACKGROUND

16. Upon receipt of a written request that "reasonably describes" the records sought and complies with "published rules . . . and procedures to be followed," agencies of the United States government are required to disclose their records "promptly," unless they can be lawfully withheld from disclosure under one of nine specific exemptions in FOIA. 5 U.S.C. § 552(a)(3)(A).

17. FOIA provides that agencies shall "determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination." *Id.* at § 552(a)(6)(A)(i).

COMPLAINT - 4 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

DOI FOIA Complaint (FINAL).doc/092018 1612/7754-0417

18. In "unusual circumstances," an agency may extend the twenty-day time limit for up to ten working days by providing written notice to the requester setting forth the unusual circumstances and the date on which the determination is expected to be dispatched. *Id.* at § 552(a)(6)(B)(i).

19. In some limited circumstances, FOIA allows an agency to seek an extension potentially beyond ten days. Specifically, FOIA requires an agency to provide written notification to the requester: (1) offering an opportunity to limit the scope of the request so that it may be processed within the twenty working-day limit, or (2) offering an opportunity to arrange with the agency an "alternative time frame" for processing the request. *Id.* at § 552(a)(6)(B)(ii). If the agency elects this option, it must make its FOIA Public Liaison available to the requester to assist in any disputes with the agency. *Id.*

20. Following its determination as to "whether to comply with" a request for records, the agency must then make the requested records "promptly" available, 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i), unless it can establish that it may lawfully withhold records, or portions of records, from disclosure under narrowly-defined FOIA exemptions listed in § 552(b). In doing so, it must make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records responsive to the FOIA request. *Id.* at § 552(a)(3)(C)-(D).

21. The statutory time limit governing the agency's decision as to "whether to comply with" a request for records (generally, twenty working days) also governs decisions on fee-waiver requests. The agency may only toll the time period for purposes of a fee-waiver request if it solicits, during the pendency of the time period, additional information "necessary to clarify with the requester issues regarding fee assessment." 5 U.S.C. § 552(a)(6)(A)(ii)(II). As amended, FOIA provides that "[a]n agency shall not assess search fees . . . if the agency fails to comply with any time limit under paragraph (6)." 5 U.S.C. § 552(a)(4)(A)(viii). Paragraph (6), of course, includes the basic twenty-day limit, along with the possibility of tolling to request clarification on a fee-

COMPLAINT - 5 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

waiver request and the possibility of a ten-day extension for unusual circumstances.

22. If the agency fails to make a determination on a document request within twenty working-days, or within the limited additional time permitted upon proper notification of "unusual circumstances," the requester is deemed to have constructively exhausted administrative remedies and may seek judicial review. *Id.* at § 552(a)(6)(C)(i).

## FACTUAL BACKGROUND

23. On July 26, 2018, Plaintiff submitted the Request via electronic mail to Federal Defendant reasonably describing all documents of which Plaintiff sought disclosure. *See* Exhibit A.

24. On July 27, 2018, Federal Defendant sent a letter, via electronic mail, to confirm receipt of the Request. *See* Exhibit B. In this letter, Federal Defendant confirmed that the Request "was received in the Office of the Secretary FOIA office on July 26, 2018[.]" *Id.*

25. The twentieth working day following July 26, 2018 was August 23, 2018.

26. In its July 27 correspondence, Federal Defendant stated that it could not yet make a determination regarding the Request. *Id.* In this letter, Federal Defendant ostensibly invoked the additional ten-day period for "unusual circumstances." *Id.* Federal Defendant further claimed that it was "in the process of determining" whether it would grant Plaintiff's request for a waiver of fees. *Id.*

27. In its letter, Federal Defendant did not ask for any additional information needed to clarify the Request, either in terms of the documents at issue or in terms of the fee-waiver request.

28. Because Federal Defendant did not set forth "the date on which a determination is expected to be dispatched" in connection with its claim of "unusual circumstances," the extension for "unusual circumstances" is statutorily unavailable. *See* 5 U.S.C. § 552(a)(6)(B)(i) (providing that the twenty-day period "may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension *and the date on which a determination is*

COMPLAINT - 6 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

DOI FOIA Complaint (FINAL).doc/092018 1612/7754-0417

*expected to be dispatched.*") (emphasis added).

29. Regardless, even if Federal Defendant had properly invoked the ten-day extension—and it has not—the additional days have passed. Federal Defendant acknowledged that it received the Request on July 26. As stated above, the twentieth working day following July 26, 2018 was August 23, 2018. The tenth additional working day thereafter fell on September 7. This accounts for the intervening Labor Day holiday. September 7 has long since passed, and Federal Defendant has yet to make a determination.

30. On September 14, Plaintiff wrote Federal Defendant regarding this situation. *See* Exhibit D.

31. On September 18, Federal Defendant sent an email communication to Plaintiff, apparently in response to Plaintiff's September 14 correspondence. *See* Exhibit C.

32. However, this communication does not in any way amount to a determination regarding Plaintiff's Request. The September 18 communication was actually an email (containing a letter) to several other FOIA requesters. *See id*. Federal Defendant then forwarded this email and letter to Plaintiff. *Id.*

33. The letter, dated September 17 and addressed to no one in particular, reads in part as follows: "We are writing to partially respond to your national monument-related FOIA request(s) on behalf of the Office of the Secretary. We have released 1,603 pages of records related to the Secretary's review of certain National Monuments designated or expanded under the Antiquities Act of 1906 at https://www.doi.gov/foia/os/national-monuments-review-executive-order-13792." *Id.*

34. The hyperlink set forth in the letter includes a list of folders containing documents responsive to *other* FOIA requests. *See* Exhibit E. Whereas Plaintiff's Request asked for documents relating to Executive Order 13792 *and* Executive Order 13795, the linked webpage contains documents relating only to the former Executive Order, bearing the title "National

COMPLAINT - 7 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

DOI FOIA Complaint (FINAL).doc/092018 1612/7754-0417

Monuments Review (Executive Order 13792)." *Id.* In addition, whereas Plaintiff's Request sought documents specifically related to the Pacific Marine National Monuments, the "categorized records" displayed on the linked webpage do not include *any* categories pertinent to the Pacific Marine National Monuments. *Id.* Of the nineteen categories, nine correspond to *other* National Monuments (*e.g.,* Bears Ears National Monument, Giant Sequoia National Monument). *Id.* There is no category corresponding to any of the Pacific Marine National Monuments. *Id.* Moreover, whereas Plaintiff's Request was received by Federal Defendant on July 26, 2018, the link contains a host of "records released before May 2018." *Id.* While some of these records may be relevant to Plaintiff's request, it is clear that these documents were released in response to other FOIA requests relating to different matters.

35. Upon information and belief, Federal Defendant constructed and populated the aforementioned webpage in response to litigation initiated in November 2017 by Natural Resources Defense Council and other groups. *See* Exhibit F. On March 20, 2018, the court in that litigation ordered "that defendants Department of Interior (DOI) and Bureau of Land Management (BLM) shall review 1,500 pages of potentially responsive records per month and release the responsive documents. DOI and BLM may make these releases available on the Interior website, but BLM and DOI MUST identify within each release the documents that are responsive to plaintiffs' six particular FOIA requests." *Id.*

36. Upon information and belief, Federal Defendant is now referring FOIA requesters, including Plaintiff, to this webpage whenever it receives a request relating to National Monuments and/or Executive Order 13792.

37. As of the date of this Complaint, Plaintiff has not received a legally sufficient determination on its Request for records. The September 17 communication and associated webpage are not responsive to Plaintiff's Request, but to other requests that are concerned with, *inter alia*, different National Monuments. In addition, Plaintiff has not received a determination

COMPLAINT - 8 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

DOI FOIA Complaint (FINAL).doc/092018 1612/7754-0417

on its request for a waiver of fees.

38. Plaintiff believes and alleges that Federal Defendant is unlawfully withholding a determination on its Request (including its request for a waiver of fees).

39. Federal Defendant has offered no reasonable explanation for its delay, and it has failed to estimate when, or to indicate whether, it will comply with its obligations under FOIA.

40. Because Federal Defendant has "fail[ed] to comply with the applicable time limit provisions," Plaintiff has constructively exhausted its administrative remedies with respect to the requested documents. 5 U.S.C. § 552(a)(6)(C)(i).

## FIRST CLAIM FOR RELIEF

### Violation of Freedom of Information Act
*Failure to Respond with a Determination*

41. Plaintiff herein incorporates all allegations contained in the preceding paragraphs.

42. FOIA provides that any person may obtain promptly those agency records that are not subject to the FOIA disclosure exemptions. 5 U.S.C. § 552(a)(3)(A).

43. Plaintiff properly requested records within the control of Federal Defendant.

44. Federal Defendant failed to provide Plaintiff with a determination as to whether Federal Defendant has any non-exempt records responsive to the Request and whether it intended to release such records within the required timeframe. *Id.* at §§ 552(a)(6)(A)(i); 552(a)(6)(B).

45. Federal Defendant failed to properly invoke and comply with FOIA's provision allowing a ten working-day extension for "unusual circumstances." *Id.* at § 552(a)(6)(B)(i).

46. Federal Defendant failed to properly invoke and comply with FOIA's provision permitting an extension of potentially greater than ten working days by offering Plaintiff an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request. *Id.* at § 552(a)(6)(B)(ii).

47. Federal Defendant did not provide Plaintiff with a determination on its request for a

COMPLAINT - 9 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

waiver of fees within the required timeframe, nor did Federal Defendant ask Plaintiff for additional information "necessary to clarify with the requester issues regarding fee assessment." 5 U.S.C. § 552(a)(6)(A)(ii)(II).  As a result of this and the other statutory violations enumerated above, Federal Defendant is now precluded from imposing fees. *Id.* at § 552(a)(4)(A)(viii).

48. Federal Defendant's failure to comply with FOIA is subject to judicial review under 5 U.S.C. § 552(a)(4)(B).

49. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to a determination on the Request.

## SECOND CLAIM FOR RELIEF

### Violation of Freedom of Information Act
*Failure to Disclose Records Promptly*

50. Plaintiff herein incorporates all allegations contained in the preceding paragraphs.

51. FOIA requires Federal Defendant to process the Request described herein and to promptly provide responsive records, or any reasonably segregable portion of a record not subject to specified FOIA exemptions.

52. Federal Defendant violated Plaintiff's rights under FOIA when it failed to promptly disclose records, or to disclose reasonably segregable portions of lawfully exempt records, that are responsive to the Request.

53. Federal Defendant's failure to comply with FOIA is subject to judicial review under 5 U.S.C. § 552(a)(4)(B).

54. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to Federal Defendant's obligation to disclose responsive records promptly.

COMPLAINT - 10 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

DOI FOIA Complaint (FINAL).doc/092018 1612/7754-0417

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment providing the following relief:

1. Declare that Federal Defendant violated FOIA by failing to make a determination on Plaintiff's Request (including the request for a waiver of fees) within the statutory deadlines.

2. Order Federal Defendant to provide Plaintiff with a final determination on its Request;

3. Order Federal Defendant to conduct searches that are reasonably calculated to locate all records—up to the date when the searches are conducted—responsive to the Request at no cost to Plaintiff;

4. Process and release all records responsive to the Request at no cost to Plaintiff within twenty days from the date of such order;

5. Retain jurisdiction of this action to ensure the processing of the Request and to ensure that no agency records are wrongfully withheld;

6. Award Plaintiff costs, including reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

7. Grant Plaintiff any relief that the Court deems just and proper.

Dated this 20th day of September 2018

s/ Brett W. Sommermeyer
Brett W. Sommermeyer (WA Bar No. 30003)
SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, WA 98102
Phone: (206) 504-1600
Email: brett@seashepherdlegal.org

COMPLAINT - 11 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

DOI FOIA Complaint (FINAL).doc/092018 1612/7754-0417

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

s/ Catherine E. Pruett<br>
Catherine E. Pruett (WA Bar No. 35140)<br>
SEA SHEPHERD LEGAL<br>
226 Eastlake Ave. East, No. 108<br>
Seattle, WA 98102<br>
Phone: (206) 504-1600<br>
Email: catherine@seashepherdlegal.org<br>
<br>
Attorneys for Plaintiff SEA SHEPHERD LEGAL

COMPLAINT — - 12 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

DOI FOIA Complaint (FINAL).doc/092018 1612/7754-0417